### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| **IN RE:** | CHAPTER 7 BANKRUPTCY |
| Robert John Sam, Jr. | |
| **Debtor(s)** | Case No. 25-80476 |

## NOTICE OF MOTION TO DISMISS

Notified via Electronic filing:       Adam G. Brief - Office of the U.S. Trustee
Notified via U.S. Postal Service:     See attached list

PLEASE TAKE NOTICE that on **June 4, 2025, at 11:00 a.m.,** I will appear before the Honorable Thomas Lynch, or any judge sitting in that judge's place, **either** in Courtroom 3100 of the U.S. Bankruptcy Court, Western Division, 327 South Church Street, Rockford, Illinois 61101, **or** electronically as described below, and present the **Trustee's Motion to Dismiss,** a copy of which is attached.

**Important:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

**To appear by Zoom using the internet,** go to this link:  https://www.zoomgov.com/.  Then enter the meeting ID and password.

**To appear by Zoom using a telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.**  The meeting ID for this hearing is 160 291 5226 and the password is 852255. The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated:  May 8, 2025                        _/s/ Brian A. Hart_
                                           Brian A. Hart, Attorney at Law
                                           5702 Elaine Drive, Suite 204, Rockford, IL  61108-2475
                                           (815) 708-0234 | Brian@rockfordbankruptcy.com

### CERTIFICATE OF SERVICE

        I, Colleen M. Lemek,

☐ an attorney, certify

        - or -

☒ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on May 8, 2025, at or before 5:00 p.m.

                                           _/s/ Colleen M. Lemek_

```
BKA HOLDINGS LLC               Robert John Sam Jr          MELISSA NOBLE
330 W ELM ST.                  639 Stonegate Dr.           330 W ELM ST.
SYCAMORE, IL 60178-1848        Sycamore, IL 60178-8943     SYCAMORE, IL 60178-1848


YENDO INC
ATTN BANKRUPTCY DEPARTMENT     YENDO
3309 ELM STREET                3309 ELM ST SUITE 340
#340                           DALLAS, TX 75226
DALLAS, TX 75226-1637
```

IN THE UNITED STATES BANKRUPTCY
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| Robert John Sam, Jr. | CASE NO.: 25-80476 |
| Debtor(s) | JUDGE THOMAS M. LYNCH |

## **MOTION TO DISMISS**

NOW COMES Brian A. Hart, Trustee, by his attorney, Brian A. Hart, and moves this Court to dismiss this case and in support thereof, states as follows:

1.      The Debtor(s) herein filed for voluntary relief on April 15, 2025.

2.      Brian A. Hart is the duly appointed and acting Trustee.

3.      The Court has jurisdiction over the parties hereto and the subject matter herein pursuant to 28 U.S.C. §§ 1334 and 157, and Local Rule 40.3.1.

4.      11 U.S.C. § 109 codifies who may be debtor in various chapters of the United States Bankruptcy Code.  Specifically, 11 U.S.C. § 109(h)(1) states in part, "an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing . . ."

5.      As previously stated, the case herein was filed on April 15, 2025.  On May 7, 2025, the Debtor filed a certificate of credit counseling at Dkt. No. 22, a copy of which is attached hereto as Exhibit A.

6.      According to the Certificate of Counseling, the Debtor receives his credit counseling from Consumer Credit Counseling Service of Northern Illinois, Inc., on May 7, 2025, well after the petition filing date.

7.      11 U.S.C. § 521 enumerates various duties of a debtor upon the filing of a petition under the United States Bankruptcy Code. In particular 11 U.S.C. § 521(e)(2)(A)(i) states that at least seven days before the date first set for the first meeting of creditors, the debtor must provide copies of the Federal income tax return required under applicable law. The § 341 meeting in this case is scheduled for May 13, 2025. Therefore, the tax returns were required to be provided no later than May 6, 2025.

8.      11 U.S.C. § 521(e)(2)(B) states, "If the debtor fails to comply . . . the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor."

9.      11 U.S.C. § 521(a)(1)(B)(iv) requires the debtor to provide copies of all evidence of payment received within 60 days before the date of the filing of the petition. As of May 8, 2025, the Debtor has failed to provide said documents.

10.     The Debtor's petition indicates that he has not filed any prior bankruptcies within the last eight years. During open court, the Debtor has indicated that he has filed prior cases.

11.     On May 6, 2025, at Dkt. No. 19, the Debtor filed Schedules including Schedule I in which he indicates his only household income is $1,000.

12.     Given that the Debtor's household income does include income not listed and the fact that the Debtor has filed prior cases, the Petition and Schedule I should have been amended as required.

13.     As of May 8, 2025, no amendments have been filed.

14.     In Debtor's prior case which was dismissed, the Debtor had unpaid filing fees.

15.     According to General Order 25-01 of the United States Bankruptcy Code for the

Northern District of Illinois executed on April 15, 2025, if a debtor owed filing fees at the time of the dismissal of a case, those fees are immediately due and payable. As of May 8, 2025, the unpaid filing fees in the prior case have not been paid.

16.     General Order 25-01 indicates that failure to pay prior fees is grounds for dismissal of a new case.

WHEREFORE, Brian A. Hart, Trustee, moves that this petition be dismissed for the reasons stated herein and for such other and further relief as is just.

Brian A. Hart, Trustee

By:  BRIAN A. HART, his attorney

By:  ___/s/ Brian A. Hart_____

Brian A. Hart
Attorney at Law
5702 Elaine Drive, Suite 204
Rockford, IL  61108-2475
(815) 708-0234 | Brian@rockfordbankruptcy.com



**EXHIBIT**

**A**

**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

Certificate Number: 03484-ILN-CC-039636033

**5/7/2025**

03484-ILN-CC-039636033

**JEFFREY P. ALLSTEADT, CLERK**

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>May 7, 2025</u>, at <u>9:56</u> o'clock <u>AM CDT</u>, <u>Robert Sam</u> received from <u>Consumer Credit Counseling Service of Northern Illinois, Inc.</u>, an agency approved pursuant to 11 U.S.C. 111 to provide credit counseling in the <u>Northern District of Illinois</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by telephone</u>.

Date: <u>May 7, 2025</u>                    By: *Peggy Sarbaugh*

Name: <u>Peggy Sarbaugh-McNally</u>

Title: <u>Counselor</u>

\* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. 109(h) and 521(b).