**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

In re:

ROBERT JOHN SAM, JR.                         Case No. 25-80476, Chapter 7

Debtor.                                                          Judge Lynch

**MOTION OF BKA HOLDINGS, LLC TO CONFIRM NO AUTOMATIC STAY IS
IN EFFECT PURSUANT TO 11 U.S.C. § 362(b)(22)**

**I.        INTRODUCTION**

BKA Holdings, LLC ("Movant" or "Landlord"), by and through its undersigned counsel, respectfully moves this Court for an order confirming that no automatic stay is in effect under 11 U.S.C. § 362(a) with respect to the eviction proceeding against Robert Sam ("Debtor") in the Circuit Court of the Twenty-Third Judicial Circuit, DeKalb County, Illinois (Case No. 2024 EV 136), on special assignment to Judge Berg in McHenry County. This motion is based on the express statutory exception set forth in 11 U.S.C. § 362(b)(22), created by The Bankruptcy Abuse Prevention and Consumer Protection Act, and the Debtor's failure to comply with 11 U.S.C. § 362(l), as evidenced by the pre-petition agreed order for possession of 639 Stonegate Drive, Sycamore Illinois, 60178, entered on February 21, 2025. In support of this motion, Movant states as follows:

**II.        FACTUAL BACKGROUND**

1. On February 21, 2025, the Circuit Court of the Twenty-Third Judicial Circuit, DeKalb County, Illinois, by Judge Berg on special assignment in McHenry County, entered an agreed Order Granting Plaintiff's Partial Motion for Summary Judgment on Possession in favor of Movant and against Debtor and Karen Sam, with possession stayed until April 15, 2025, at 8:00 a.m. (See Exhibit A, Agreed Order, Case No. 2024 EV 136).

2. On April 15, 2025, Debtor filed a voluntary Chapter 7 bankruptcy petition in this Court..

3. Debtor's bankruptcy petition did not disclose the pre-petition judgment for possession, nor did it include the required certification or rent deposit under 11 U.S.C. § 362(l). Debtor's petition admits, under oath to no unexpired leases at issue. See Form 106G, at Schedule G; Form 108.

4. Debtor stated under oath in his petition that no rent is owed to Movant, confirming that the possession claim is non-monetary in nature and that he does not intend to cure

BKA HOLDINGS, LLC                                    Motion to Confirm No Automatic Stay

any default under § 362(l). (See *id.*; *see also* Official Form 101, at 10 ("I don't owe an[y] rent").

5. Movant has waived any and all claims for monetary damages against Debtor and seeks only to enforce the pre-petition order for possession through eviction, not any monetary damages. (See Exhibit A, Agreed Order, ¶¶ 4, 6).

## III.   ARGUMENT

### A. An Automatic Stay Does Not Apply Under 11 U.S.C. § 362(b)(22) Because a Pre-Petition Judgment for Possession Was Obtained on February 21, 2025.

Section 362(b)(22) of the Bankruptcy Code provides that the filing of a bankruptcy petition does not operate as a stay of:

> the continuation of any eviction ... action ... involving residential property ... with respect to which the lessor has obtained before the date of the filing ... a judgment for possession ...

Here, Movant obtained a valid pre-petition judgment for possession on February 21, 2025, well before Debtor's bankruptcy filing on April 15, 2 025. (*See* Exhibit A). Accordingly, § 362(b)(22) applies, and the automatic stay did not arise by operation of law and therefore does not bar the continuation or enforcement of the eviction action against Debtor in the state court proceeding for possession.

### B. Debtor's Failure to Comply with 11 U.S.C. § 362(l), Because it is inapplicable, Precludes Stay Protection

Under 11 U.S.C. § 362(l), a debtor may temporarily extend stay protection only by:

1. Filing a certification asserting a right to cure the default;

2. Depositing 30 days' rent with the bankruptcy court clerk; and

3. Curing the full default within 30 days.

In *In re Green*, 422 B.R. 469, 473 (Bankr. S.D.N.Y. 2010), the court held that failure to disclose a pre-petition judgment for possession and comply with § 62(l) triggers the immediate application of § 62(b)(22), meaning the automatic stay is never in effect as a matter of law. Here, Debtor failed to disclose the February 21, 2025, possession order, did not file a

§ 362(l) certification, and did not deposit rent with the bankruptcy court. Moreover, Debtor's assertion under oath in his filings that no rent is owed precludes the ability to file a certification to cure the possession issue given its undisputed the possession order waives damages subject to the bankruptcy estate. *Id.* Thus, § 362(l) is inapplicable, and § 362(b)(22) fully controls, confirming that no automatic stay is in effect.

**C. The State Court May Proceed with Eviction Without Violating the Bankruptcy Code**

Given the overlap with the bankruptcy code and the pending eviction proceeding, the State Court is not comfortable nor willing to declare there is no automatic stay in effect, requiring this motion seeking a confirming order from this Court. Because the requirements of § 362(b)(22) are met—namely, a pre-petition judgment for possession was obtained, and Debtor failed to comply with § 362(l)—the automatic stay never arose as a matter of law. An order thought is necessary from this Court so that the state court will proceed with the eviction action for possession without violating the Bankruptcy Code. *See In re Green*, 422 B.R. at 473. Movant seeks only to enforce the February 21, 2025, possession order, having waived all monetary claims, ensuring that the bankruptcy estate is unaffected. (*See* Exhibit A, ¶¶ 4, 6).

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court enter an order:

1. Confirming that no automatic stay is in effect under 11 U.S.C. § 362(a) with respect to the eviction proceeding in the Circuit Court of the Twenty-Third Judicial Circuit, DeKalb County, Illinois, on special assignment before Judge Berg in McHenry County, Illinois (Case No. 2024 EV 136), pursuant to 11 U.S.C. § 362(b)(22);

2. Confirming that Movant may proceed in State Court with enforcement of the February 21, 2025, possession order against Debtor without violating the Bankruptcy Code; and

3. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

BKA HOLDINGS, LLC
By: /s/ C. Nicholas Cronauer

C. Nicholas Cronauer (ARDC #6305683)
CRONAUER LAW, LLP
1101 DeKalb Ave., Suite 2
Sycamore, IL 60178
T (815) 895-8585 / F (815) 895-4070
Service@CronauerLaw.com

BKA HOLDINGS, LLC                                    Motion to Confirm No Automatic Stay

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion was served on May 21, 2025, *via electronic* mail and/or U.S. Mail, postage prepaid, to the following parties:

Debtor:

Robert Sam
639 Stonegate Drive
Sycamore, IL 60178
Harpees5@yahoo.com

U.S. Trustee:

Adam G. Brief
780 Regent Street, Suite 304
Madison, WI 53715

Chapter 7 Trustee:

Brian A. Hart
5702 Elaine Drive, Suite 204
Rockford, IL 61108-2475
Brian@RockfordBankruptcy.com

By: /s/ C. Nicholas Cronauer